No. 25-50260

# In the United States Court of Appeals for the Fifth Circuit

MICHAEL KLEINMAN; MMK HOLDINGS, L.P.;
AUSPRO ENTERPRISES, L.P.,

Plaintiffs – Appellants,

*v.*

CITY OF CEDAR PARK,

Defendant – Appellee.

On Appeal from the United States District Court
for the Western District of Texas, Austin Division

## BRIEF OF APPELLANTS

**THE KYLE LAW FIRM**

JEFF L. FRAZIER

436 E. Coll Street
New Braunfels, TX 78130
(830) 837-3300

**SCOTT DOUGLASS & McCONNICO LLP**

JASON R. LAFOND
jlafond@scottdoug.com
SARA WILDER CLARK
JANE WEBRE
ELIJAH BARTON BARRISH

303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300

*Counsel for Plaintiffs – Appellants*

# Certificate of Interested Persons

No. 25-50260

## Michael Kleinman; MMK Holdings, L.P.; AusPro Enterprises, L.P.,

Plaintiffs – Appellants,

*v.*

## City of Cedar Park,

Defendant – Appellee.

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this court may evaluate their possible recusal or disqualification:

1. No publicly traded company or corporation has an interest in the outcome of this appeal.

2. Plaintiff – Appellants are Michael Kleinman; MMK Holdings, L.P.; and AusPro Enterprises, L.P.

3. Plaintiff – Appellants are represented in the Fifth Circuit by:

Jason R. LaFond
Sara Wilder Clark
Jane Webre
Elijah Barton Barrish
Scott, Douglass, & McConnico LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
(512) 495-6300

Jeff L. Frazier
The Kyle Law Firm
436 E. Coll Street
New Braunfels, TX 78130
(830) 837-3300

Additional counsel who represented Plaintiffs - Appellants Michael Kleinman: MMK Holdings, L.P.; and AusPro Enterprises, L.P. in the district court proceedings are:

David M. Gottfried
Gottfried Alexander Law Firm
1505 West Sixth Street
Austin, TX 78703
(512) 494-1481

J. Patrick Sutton
1505 West 6th Street
Austin, TX 78701
(512) 417-5903

Kristina Weber Silcocks
Phelps Dunbar LLP
1250 Capital of Texas Highway
South Building 3, Suite 400
Austin, TX 78746
(737) 220-8738

Meghan Elizabeth Alexander
Alexander Law Firm
1505 W 6th St. Austin, TX 78703
(512) 922-5036

Stephen A. Jones
Thomas Charles Scannell
Foley & Lardner LLP
2021 McKinney Ave, Suite 1600
Dallas, TX 75201

(214) 999-3000

Tim Williams
Sprouse Shrader Smith PLLC
701 S. Taylor, Suite 500
Amarillo, TX 79101
(806) 468-3346

Jeffrey G. Henry
Sprouse Shrader Smith PLLC
805 Las Cimas Pkwy, Suite 350
Austin, TX 78746
(512) 615-6654

4.    Defendant - Appellee is City of Cedar Park.

5.    Defendant – Appellee is represented in the Fifth Circuit by:

Lowell F. Denton
Denton Navarro Rocha Bernal, & Zech, PC
2517 North Main Avenue
San Antonio, TX 78212
(210) 227-3243

Additional counsel who represented Defendant - Appellee in the district
court proceedings is:

Scott M. Tschirhart
Bojorquez Law Firm, PC
11675 Jollyville Road, Suite 300
Austin, TX 78759
(512) 250-0411

/s/ Jason R. LaFond
JASON R. LAFOND
Attorney of Record for Plaintiffs - Appellees

iii

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiffs – Appellants respectfully request oral argument. This appeal presents important questions regarding the scope and application of *Heck v. Humphrey* that would benefit from oral argument before this Court.

First, this case involves the significant question of whether *Heck* applies to claims seeking purely prospective relief against future enforcement of unconstitutional laws. Recent decisions from this Court have created uncertainty on this issue, with disagreement about *Heck*'s application to such claims. Second, the case presents novel questions about whether and how *Heck* applies when criminal judgments have been nullified through appeals for trials de novo under state law, and whether and when *Heck* can apply to parties who were never prosecuted at all. Third, the district court's extension of *Heck* to bar state law preemption claims raises important federalism concerns about the reach of federal doctrines.

These issues affect not only the parties here but also the broader application of § 1983 and the ability of plaintiffs to seek prospective relief against ongoing constitutional violations and other unlawful conduct. Oral argument would assist the Court in addressing these important questions and would be beneficial to the just resolution of this appeal.

# Table of Contents

**Page**

Certificate of Interested Persons ............................................................. i

Statement Regarding Oral Argument ..................................................... iv

Table of Authorities ............................................................................... vi

Statement of Jurisdiction ......................................................................... x

Issues Presented ..................................................................................... xi

Introduction .............................................................................................. 1

Statement of the Case .............................................................................. 2

    A.  Factual Background ..................................................................... 2

    B.  Procedural history ....................................................................... 3

Standard of Review .................................................................................. 4

Summary of the Argument ....................................................................... 5

Argument .................................................................................................. 6

I.  The *Heck* Bar Doesn't Apply to Plaintiffs' Claims for Prospective Relief. ......... 7

    A.  Claims for prospective relief preventing future convictions are categorically outside *Heck*'s reach. ........................................... 7

    B.  The district court's reliance on *Clarke* was misplaced. ............... 9

II.  There's No Outstanding Criminal Judgment Against Any Plaintiff. ................ 11

    A.  Kleinman and AusPro's appeal vacated and nullified the municipal court conviction and judgment. ................................................ 11

    B.  MMK has never been prosecuted under the "head shop" ban. ......... 13

III.  The *Heck* Bar Doesn't Apply to State Law Claims. ............................ 17

IV.  None of Plaintiffs Is in Custody. ........................................................ 20

Conclusion .............................................................................................. 20

Certificate of Compliance ...................................................................... 21

# Table of Authorities

**Page(s)**

## Cases

*Benson v. Wanda Petroleum Co.*,
  468 S.W.2d 361 (Tex. 1971) .......................................................... 15, 16

*Bourne v. Gunnels*,
  921 F.3d 484 (5th Cir. 2019) ................................................................ 4

*Butler v. Compton*,
  482 F.3d 1277 (10th Cir. 2007) ...........................................................15

*City of Houston v. Busby*,
  2025 WL 336968 (Tex. App.—Houston [14th Dist.] 2025, no pet.).................. 18

*City of Monterey v. Del Monte Dunes at Monterey, Ltd.*,
  526 U.S. 687 (1999) .......................................................................... 18

*Clarke v. Stalder*,
  154 F.3d 186 (5th Cir. 1998) (en banc) ............................................. 9, 10

*Cook v. City of Tyler*,
  974 F.3d 537 (5th Cir. 2020) .............................................................. xi

*Dadi v. Hughes*,
  67 F. App'x 242, 2003 WL 21108550 (5th Cir. 2003) .................................. 16, 17

*DeLeon v. City of Corpus Christi*,
  488 F.3d 649 (5th Cir. 2007) .............................................................. 12

*Easton v. Wisner*,
  68 F.3d 468, 1995 WL 581812 (5th Cir. 1995) ......................................... 8

*Eberhardinger v. City of York*,
  782 F. App'x 180 (3d Cir. 2019) ......................................................... 14

*Echeverry v. Jazz Casino Co.*,
  988 F.3d 221 (5th Cir. 2021) .............................................................. 19

*Fernandez v. T.D.C.J.*,
  341 S.W.3d 6 (Tex. App.—Waco 2010, no pet.)........................................ 18

*Green v. Montgomery*,
  219 F.3d 52 (2nd Cir. 2000) .............................................................. 20

*Hayward v. Cleveland Clinic Found.*,
759 F.3d 601 (6th Cir. 2014) ............................................................... 14

*Heck v. Humphrey*,
512 U.S. 477 (1994) ................................................................... passim

*Hooper v. Cnty. of San Diego*,
629 F.3d 1127 (9th Cir. 2011) .............................................................. 18

*Jackson v. Johns-Manville Sales Corp.*,
781 F.2d 394 (5th Cir. 1986) (en banc) ................................................ 19

*Justices of Bos. Mun. Ct. v. Lydon*,
466 U.S. 294 (1984) ..................................................................... 11, 12

*Kleinman v. State*,
706 S.W.3d 391 (Tex. App.—Austin 2024), *pet'n for discretionary review granted* (Tex. Crim. App. Feb. 12, 2025) ................................... 20

*Lipscomb v. Randall*,
985 S.W.2d 601 (Tex. App.—Fort Worth 1999) ............................... 12, 13

*Martin v. City of Boise*,
920 F.3d 584 (9th Cir. 2019), *abrogated on other ground by City of Grants Pass v. Johnson*, 603 U.S. 520 (2024) ..................... 7, 9, 10

*Olivier v. City of Brandon*,
121 F.4th 511 (5th Cir. 2024) ................................................................ 8

*Olivier v. City of Brandon*,
2023 WL 5500223 (5th Cir. 2023) ...................................................... 10

*Patsy v. Bd. of Regents*,
457 U.S. 496 (1982) .............................................................................. 7

*Price v. City of Bossier*,
841 F. App'x 650 (5th Cir. 2021) ........................................................ 18

*Ritchie v. Rupe*,
443 S.W.3d 856 (Tex. 2014) ............................................................... 19

*Rodriguez v. Handy*,
802 F.2d 817 (5th Cir. 1986) ............................................................... xi

*Rubinstein v. Collins*,
20 F.3d 160 (5th Cir. 1994) ................................................................. 19

*Rush Truck Centers, L.P.* v. *Sayre*,
    2025 WL 1599527 (Tex. 2025) .................................................. 19

*Skinner v. Switzer*,
    562 U.S. 521 (2011) ............................................................... 7

*State v. Cortez*, 333 S.W.2d 839, 841 (Tex. 1960) ..................... 3, 11

*Swint v. Chambers Cnty. Comm'n*,
    514 U.S. 35 (1995) .................................................................. xi

*TIG Ins. Co. v. Aon Re, Inc.*,
    521 F.3d 351 (5th Cir. 2008)................................................... 19

*Tower v. Glover*,
    467 U.S. 914 (1984) ............................................................... 6

*United States v. Lamartiniere*,
    100 F.4th 625 (5th Cir. 2024) ................................................ 9

*United States v. Rahimi*,
    61 F.4th 443 (5th Cir. 2024), *rev'd and remanded on other grounds*,
    602 U.S. 680 (2024) ............................................................... 10

*Wallace v. Cnty. of Comal*,
    400 F.3d 284 (5th Cir. 2005) ................................................ xi

*Wallace v. Kato*,
    549 U.S. 384 (2007)............................................................... 11

*Weaver v. Ingalls Shipbuilding, Inc.*,
    282 F.3d 357 (5th Cir. 2002) ................................................ 8

*Wilkinson v. Dotson*,
    544 U.S. 74 (2005)..............................................................7, 9

*Wilson v. Midland County*,
    116 F.4th 384 (5th Cir. 2024) ..............................8, 10, 12, 20

*Zachry Constr. Corp. v. Port of Hous. Auth. of Harris Cnty.*,
    449 S.W.3d 98 (Tex. 2014)..................................................... 19

## STATUTES

28 U.S.C. ch. 151 .................................................................... 3

28 U.S.C. § 1291........................................................................ xi

28 U.S.C. § 1367........................................................................ xi

42 U.S.C. § 1983 ................................................................. 3, 8

Tex. Penal Code art. 44.17 ............................................... 11, 12

Cedar Park Code of Ordinances
 § 11.01.032 ..................................................................... 15
 § 11.02.064 ..................................................................... 15

## Rules

5th Cir. Local R. 28.2.1 ......................................................... i

5th Cir. Local R. 47.5.3 ....................................................... 8

5th Cir. Local R. 47.5.4 ..................................................... 10

## Other Authorities

Oliver Wendell Holmes, Jr., The Common Law (1881) .................. 19

16 Wright & Miller, Federal Practice and Procedure
 § 3937 (3d ed.) ................................................................ xi

18 Moore's Federal Practice § 131.30[2][c][ii] (2025) ............................ 11

## STATEMENT OF JURISDICTION

Plaintiffs – Appellants sued for declaratory and injunctive relief against future violations of the United States Constitution and Texas law. The district court had jurisdiction over Plaintiffs – Appellants' constitutional claims under 28 U.S.C. §§ 1331 and 1343, and their state law claims under 28 U.S.C. § 1367.

This Court has jurisdiction under 28 U.S.C. § 1291. The district court's summary judgment order dismissed Plaintiffs – Appellants' claims without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). This appeal concerns "whether *Heck* even applies," a question this Court may address even without a final judgment. *Cook v. City of Tyler*, 974 F.3d 537, 539-40 (5th Cir. 2020). *

---

* The lack of a final judgment may preclude addressing matters beyond the district court's application of *Heck* because pendant jurisdiction, if necessary, is likely lacking. *See Wallace v. Cnty. of Comal*, 400 F.3d 284, 292 (5th Cir. 2005) ("The exercise of [pendant] jurisdiction is only 'proper in *rare and unique* circumstances where a final appealable order is "inextricably intertwined" with an unappealable order or where review of the unappealable order is necessary to ensure meaningful review of the appealable order.'" (citation omitted)). *Cf.* 16 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3937 (3d ed.) ("The means of defining the reach of the appeal are less well defined . . . when appeal is taken as if from a final judgment before the trial court has concluded its proceedings."); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 50–51 (1995) ("We need not definitively or preemptively settle here whether or when it may be proper for a court of appeals, with jurisdiction over one ruling, to review, conjunctively, related rulings that are not themselves independently appealable."); *Rodriguez v. Handy*, 802 F.2d 817, 821 (5th Cir. 1986) ("It is true of a wide variety of district court orders that a prompt reversal would result in the termination of the case, but this does not alter their interlocutory character."). The Court need not decide the allowable scope of a *Heck* appeal because Plaintiffs – Appellants don't ask the Court to go beyond *Heck*, the only issue the district court addressed.

# ISSUES PRESENTED

1.  Does the *Heck* bar apply to claims seeking purely prospective relief against future selective enforcement of an unconstitutional ordinance?

2.  Does the *Heck* bar apply when no outstanding criminal judgment exists against the plaintiffs?

3.  Does the *Heck* bar apply to state law preemption claims?

## Introduction

For 35 years, Planet K has served central Texas communities with over 20 retail locations. But Cedar Park wants Planet K gone and has weaponized its municipal code to achieve that goal. Cedar Park's primary instrument of harassment is a facially vague "head shop" ordinance that prohibits any store selling "products commonly used, intended to be used, or commonly known to be used, for the ingestion, inhalation, preparation, or injection of illegal substances."

Plaintiffs—two property owners prosecuted under this ordinance and a business operator harmed by it—seek prospective relief to prevent future enforcement of this unconstitutional and preempted ordinance. They don't seek any relief related to past convictions. Instead, they ask only for a declaration that the ordinance violates the Constitution and Texas law, and an injunction against its future enforcement.

The district court never reached the merits of Plaintiffs' claims. Instead, it dismissed all claims as barred by *Heck v. Humphrey*, which precludes federal civil rights claims that would necessarily demonstrate the invalidity of outstanding criminal judgments. But *Heck* doesn't apply here for at least three independent reasons:

*First*, claims seeking prospective relief against future enforcement actions are categorically beyond *Heck*'s reach. *Second*, no outstanding criminal judgment exists. Plaintiffs Kleinman and AusPro Enterprises' municipal court convictions were nullified when they exercised their right to a trial de novo, and Plaintiff MMK Holdings was never prosecuted at all. *Third*, *Heck* is a federal rule governing federal civil rights claims—it doesn't apply to Plaintiffs' state law preemption claim.

The district court's misapplication of *Heck* denied Plaintiffs their day in court on the merits of Cedar Park's continued unconstitutional enforcement of the "head shop" ban. This Court should reverse and remand.

## STATEMENT OF THE CASE

### A.  Factual Background

Planet K's Cedar Park location opened in November 2021. ROA.1410. Less than a month later, a Cedar Park code compliance officer cited Michael Kleinman, and AusPro Enterprises, in their capacities as property owners, for housing a "head shop." ROA.1437–41. The citation was vague, offering no specific explanation of what made Planet K a prohibited "head shop" or what steps were needed for compliance. *See* ROA.1437–41. Even so, the citation ordered Kleinman and AusPro to comply within two weeks. *See* ROA.1437–41.

After two weeks passed, the compliance officer filed a municipal court criminal complaint that did not refer to any specific product for sale in the Cedar Park Planet K, but instead vaguely averred that the Cedar Park Planet K was allegedly a "head shop" because it "presents, displays, or offers for sale bongs, water pipes, assorted specialty pipes and bowls and other paraphernalia, items, or products commonly used, intended to be used, or commonly known to be used, for the ingestion, inhalation, preparation, or injection of illegal substances." ROA.1479.

This enforcement was selective. In the four years since enacting the "head shop" ban, Cedar Park had never enforced it against any business, despite several shops selling identical products. ROA.1411, 1506.

More than a year later, the Cedar Park municipal court entered judgment against Kleinman and AusPro. ROA.1585, 1604. They appealed, invoking their right to a trial de novo in Williamson County Court, which nullified the municipal court convictions and judgment under Texas law. ROA.2045, 2051; *see State v. Cortez*, 333 S.W.2d 839, 841 (Tex. 1960). The trial de novo remains pending. *See State v. AusPro Enters., L.P.*, No. 23-00675-5 (Williamson Cnty. Ct. at Law No. 5).

## B.     Procedural history

Before any trial or judgment in municipal court, Kleinman, AusPro, and MMK Holdings—the company that leases space from AusPro and operates Planet K, *see* ROA.1143—filed this federal lawsuit. ROA.18–46. Plaintiffs' third amended complaint is their live pleading. ROA.1140–65. It sets out federal constitutional claims under the Due Process (vagueness) and Equal Protection (selective enforcement) clauses of the 14th Amendment and through 42 U.S.C. § 1983. *See* ROA.1142. It also sets out a preemption claim under state law, brought under the district court's supplemental jurisdiction, and through 28 U.S.C. ch. 151. *See* ROA.1162–63. Plaintiffs seek only prospective relief: declarations that the "head shop" ordinance and Cedar Park's continued enforcement violates Due Process and Equal Protection guarantees and Texas law, plus an injunction against future enforcement.

After cross-motions for summary judgment, the district court granted Cedar Park's motion and denied Plaintiffs'. ROA.2875-2900. The court never reached the

merits, instead dismissing all claims without prejudice as *Heck*-barred. ROA.2889-90, 2892-93, 2898-99.[1]

Plaintiffs timely appealed. ROA.2901.

## STANDARD OF REVIEW

This Court reviews the district court's application of *Heck* de novo. *See Bourne v. Gunnels*, 921 F.3d 484, 491 (5th Cir. 2019).

---

[1] The district court separately addressed what it labeled "water termination claims," arising from Cedar Park's enforcement of its zoning ordinances. ROA.2893–95. The district court granted summary judgment to Cedar Park on those "claims" because Plaintiffs had failed to show that various ordinances were "not rationally related to a legitimate government interest," and because enforcing ordinances in general "is a legitimate government interest and that the City's actions were rationally related to achieving it." ROA.2895. But Plaintiffs raised Cedar Park's termination of water and sewer service under their selective-enforcement claim; not as a separate claim challenging other ordinances or the ability of Cedar Park to enforce its ordinances at all. *See, e.g.*, ROA.2891 (district court summarizing, under selective-enforcement claim, Plaintiffs' evidence of "animus, ill-will, and vindictiveness," including "shut[ting] down Plaintiffs' water and sewer services"); ROA.1161–62 ¶¶ 77–78 (live complaint). Because Plaintiffs raised no stand-alone "water termination claims," they don't address that aspect of the district court's summary judgment order.

## Summary of the Argument

The district court erred in dismissing Plaintiffs' constitutional and state law challenges to Cedar Park's selective enforcement of its vague and preempted "head shop" ordinance based on *Heck v. Humphrey*. The *Heck* bar—which prevents federal civil rights claims that would necessarily invalidate outstanding criminal judgments—doesn't apply here for multiple independent reasons.

**I.** *Heck* categorically doesn't bar claims seeking purely prospective relief against *future* enforcement. *Heck* serves to ensure the finality and validity of previous, outstanding judgments of conviction, not to insulate future prosecutions from challenge. Plaintiffs seek only forward-looking declarations and injunctions to prevent future unlawful conduct, not to overturn past convictions. This Circuit recognized this distinction immediately after *Heck*, and recent opinions have reaffirmed that prospective relief claims fall outside *Heck*'s scope.

**II.** No outstanding criminal judgment exists against any Plaintiff. Kleinman and AusPro's municipal court convictions were nullified when they exercised their statutory right to a trial de novo in county court, leaving no conviction and judgment to trigger *Heck*'s bar. MMK was never prosecuted at all, making *Heck* doubly inapplicable to its claims.

**III.** *Heck* applies only to federal civil rights claims that sound in tort, not to Plaintiffs' state law preemption claim. The district court had no basis to extend this federal doctrine—grounded in common law tort principles and § 1983's statutory

framework—to a non-tort state law claim about the supremacy of Texas law over municipal ordinances.

The district court's expansion of *Heck* denied Plaintiffs their day in court on the merits of Cedar Park's ongoing enforcement of an unconstitutionally vague and preempted ordinance that will be selectively wielded against Plaintiffs in the future. This Court should reverse and remand for proceedings on the merits.

## ARGUMENT

*Heck* doesn't bar Plaintiffs' challenges to Cedar Park's "head shop" ban. The district court reached the wrong result because it lost sight of first principles. Section 1983 is a *statute*. *Heck*'s result, after all, was ultimately a matter of *statutory interpretation. See, e.g.*, *Heck*, 512 U.S. at 484 n.4 ("§ 1983, which borrowed general tort principles, was not meant to permit such collateral attack"). Courts don't have license to narrow § 1983's scope "in the interests of what [they] judge to be sound public policy. It is for Congress to determine whether § 1983 litigation has become too burdensome to state or federal institutions and, if so, what remedial action is appropriate." *Tower v. Glover*, 467 U.S. 914, 922–23 (1984); *accord Heck*, 512 U.S. at 488 n.9 ("judicial application of the categorical mandate of § 1983 may *not* . . . take account of . . . policy" concerns).

Yet the district court vastly expanded *Heck*—barring prospective relief against future convictions, even by persons never prosecuted, and even for state law claims with no connection to tort law or § 1983—without stopping to consider its authority

to do so, § 1983's text or context,[2] or the concerns that animated *Heck*. Leaping without looking, the district court landed on the wrong side of Supreme Court precedent, Fifth Circuit precedent, and Texas law.

## I.     The *Heck* Bar Doesn't Apply to Plaintiffs' Claims for Prospective Relief.

### A.     Claims for prospective relief preventing future convictions are categorically outside *Heck*'s reach.

Plaintiffs seek only prospective relief—a forward-looking declaration that Cedar Park's ordinance is unconstitutional and preempted and an injunction against future enforcement. Such claims categorically fall outside *Heck*'s scope. *See Skinner v. Switzer*, 562 U.S. 521, 534 (2011); *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). The Supreme Court has emphasized that *Heck* serves "to ensure the finality and validity of previous convictions, not to insulate future prosecutions from challenge." *Martin v. City of Boise*, 920 F.3d 584, 616 (9th Cir. 2019) (examining *Wilkinson*), *abrogated on other ground by City of Grants Pass v. Johnson*, 603 U.S. 520 (2024). Prospective challenges to unconstitutional and preempted laws don't threaten the finality of past convictions—they seek to prevent future unlawful conduct.[3]

---

[2] That is, Congress "throw[ing] open the doors of the United States courts to individuals who were threatened with, or who had suffered, the deprivation of constitutional rights and to provide these individuals *immediate access* to the federal courts notwithstanding any provision of state law to the contrary," *Patsy v. Bd. of Regents*, 457 U.S. 496, 504 (1982) (emphasis added) (quotation marks and internal citation omitted).

[3] Plaintiffs' concurrently filed petition for initial hearing en banc invites the en banc Court to clarify *Heck*'s application to claims like these. But even if that petition were denied, this panel should still hold that *Heck* doesn't apply to the claims for prospective relief Plaintiffs pursue here.

This Circuit recognized the distinction immediately after *Heck* was decided. In *Easton v. Wisner*, the Court explained:

> Because Easton seeks purely *prospective* injunctive relief against future prosecutions and probation revocations, he does not seek to overturn his conviction or sentence. Even if Easton sought to overturn his conviction, such relief is not cognizable under § 1983.

68 F.3d 468, 1995 WL 581812, at *2 n.2 (5th Cir. 1995) (per curiam) (citing *Heck*) (emphasis added). This distinction is binding precedent. *See* 5th Cir. Local R. 47.5.3 ("Unpublished opinions issued before January 1, 1996, are precedent."); *Weaver v. Ingalls Shipbuilding, Inc.*, 282 F.3d 357, 359 (5th Cir. 2002).

Recent activity in this Court confirms this distinction. In *Wilson v. Midland County*, a nine-member plurality of the en banc Court said that "a suit seeking prospective injunctive relief does not implicate *Heck*'s favorable-termination requirement." 116 F.4th 384, 398 n.5 (5th Cir. 2024). A different collection of nine judges later agreed that claims for prospective relief are categorically different than "the retrospective use of 42 U.S.C. § 1983 to collaterally attack criminal convictions" barred by *Heck*. *Olivier v. City of Brandon*, 121 F.4th 511, 514 (5th Cir. 2024) (Oldham, J., dissental); *see id.* at 512 (Richman, J., dissental) ("I agree with Judge Oldham's dissental regarding the *Heck* bar."). Across *Wilson* and *Olivier*, eleven of this Circuit's seventeen active judges agree that *Heck* doesn't apply to prospective relief claims like Plaintiffs'.

The Supreme Court's analysis in *Wilkinson* supports this majority view. There, the Court allowed prospective relief after surveying precedent and distilled a bar that doesn't reach prospective relief challenging the future application of a law:

> These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action *would necessarily demonstrate the invalidity of confinement or its duration.*

544 U.S. at 81–82 (second emphasis added). Prospective relief against future enforcement necessarily can't demonstrate the invalidity of any existing confinement—it seeks only to prevent future constitutional violations or other unlawful conduct. *Wilkinson* makes plain that the *Heck* bar "applies to equitable relief concerning an existing [or prior] confinement, not to suits seeking to preclude an unconstitutional confinement in the future, arising from incidents occurring after any prior conviction and stemming from a possible later prosecution and conviction." *Martin*, 920 F.3d at 616.

## B.    The district court's reliance on *Clarke* was misplaced.

The district court relied on *Clarke v. Stalder*, 154 F.3d 186 (5th Cir. 1998) (en banc), to conclude that *Heck* bars Plaintiffs' prospective relief claims. ROA.2887. This reliance was misplaced for at least two reasons.

*One*, *Clarke* didn't overrule *Easton*. An en banc decision can't overturn prior precedent "unless it does so clearly." *United States v. Lamartiniere*, 100 F.4th 625, 640 (5th Cir. 2024). *Clarke* didn't clearly establish that *Heck* bars *all* prospective

relief claims challenging a law underlying an outstanding criminal judgment. *Clarke* barred a prospective relief claim by a prisoner found responsible for violating prison rules because that claim was "intertwined with" the prisoner's concurrent retrospective claims "for damages and reinstatement of his lost good-time credits." 154 F.3d at 189. Here, Plaintiffs seek only prospective relief—no damages, no reinstatement of anything lost due to past convictions. *Clarke*'s "intertwined" rationale doesn't apply.[4]

*Two*, subsequent Supreme Court precedent has fatally undermined Clarke's reasoning. Circuit precedent loses force when it has "fallen unequivocally out of step" with Supreme Court authority. *United States v. Rahimi*, 61 F.4th 443, 450 (5th Cir. 2024) (rejecting prior precedent), *rev'd and remanded on other grounds*, 602 U.S. 680 (2024). As shown, after *Clarke*, the Supreme Court "clarified the law." *Wilson*, 116 F.4th at 398 n.5 (plurality op.). The Supreme Court made clear that the *Heck* bar "serves to ensure the finality and validity of previous convictions, not to insulate future prosecutions from challenge." *Martin*, 920 F.3d at 616. *Clarke* insulated at least some future prosecutions from challenge, and that insulation it out of step with current law.

---

[4] The panel decision in *Olivier* says "*Clarke* squarely applies" to a case like this. *Olivier v. City of Brandon*, 2023 WL 5500223, at *4 (5th Cir. 2023). But as an unpublished opinion issued after December 31, 1995, *Olivier* is "not precedent." 5th Cir. Local R. 47.5.4. Regardless, the panel observed "friction between *Clarke* and" subsequent Supreme Court decisions, but left *Clarke*'s vitality "for another day." 2023 WL 5500223, at *5–6. That day is here.

## II.    There's No Outstanding Criminal Judgment Against Any Plaintiff.

Even if *Heck* could apply to Plaintiffs' prospective relief claims, it requires an "outstanding criminal judgment." *Wallace v. Kato*, 549 U.S. 384, 393 (2007). None exists here.

### A.    Kleinman and AusPro's appeal vacated and nullified the municipal court conviction and judgment.

After Kleinman and AusPro were convicted in municipal court, they exercised their statutory right to a trial de novo in county court. ROA.2045, 2051; *see* Tex. Penal Code art. 44.17.[5] Under Texas law, this appeal "sets aside and annuls the order of the court . . . from which the appeal is taken." *State v. Cortez*, 333 S.W.2d 839, 841 (Tex. 1960). This principle is inherent in trials de novo. When a trial de novo is invoked, "the judgment appealed from is vacated." 18 MOORE'S FEDERAL PRACTICE § 131.30[2][c][ii] (2025). Or, as the Supreme Court explained, "Once the right to a de novo trial is exercised," the prior conviction "is 'wiped out.'" *Justices of Bos. Mun. Ct. v. Lydon*, 466 U.S. 294, 310 (1984).

Even so, the district court concluded that Kleinman and AusPro's annulled convictions trigger *Heck*'s bar merely because they "remain[] a historical event reflected in the public record." ROA.2888. This reasoning fundamentally misunderstands *Heck*. The bar is triggered by "*outstanding* criminal judgments" and

---

[5] Article 44.17 says, "In all appeals to a county court from justice courts and municipal courts other than municipal courts of record, the trial shall be de novo in the trial in the county court, the same as if the prosecution had been originally commenced in that court." Cedar Park's municipal court isn't a court of record. *See* Tex. Gov't Code ch. 30, subchs. B–ZZ (listing municipal courts of record).

convictions, not by historical events in public records. *Heck*, 512 U.S. at 486-87 & n.4. Only a current, valid conviction and judgment implicates the finality, consistency, and collateral-attack concerns that animated *Heck*'s reading of § 1983. *See Heck*, 512 U.S. at 485 n.4 (Section "1983 . . . was not meant to permit . . . collateral attack"); *Wilson*, 116 F.4th at 391 (plurality op.) ("[F]inality, consistency, and a distaste for collateral attacks" are the justifications for the *Heck* bar.).

Still more, this Circuit's precedent forecloses the district court's approach. In *DeLeon v. City of Corpus Christi*, the Court held that "pending criminal matters" don't trigger *Heck*. 488 F.3d 649, 655 (5th Cir. 2007). Kleinman and AusPro's proceedings remain pending because their trial de novo proceeds "the same as if the prosecution had been originally commenced in that court." Tex. Code Crim. Proc. art. 44.17. Like any other trial de novo, the county court proceedings "can be regarded as but an enlarged, fact-sensitive part of a single, continuous course of judicial proceedings." *Lydon*, 466 U.S. at 309.

The district court's sole authority was *Lipscomb v. Randall*, a Texas intermediate appellate decision involving forfeiture of office under a municipal charter. 985 S.W.2d 601 (Tex. App.—Fort Worth 1999). But even *Lipscomb* acknowledged that "filing of a trial de novo appeal from a conviction suffered in municipal court . . . *annuls the determination of guilt in the municipal court proceeding.*" *Id.* at 607 (emphasis added).[6]

---

[6] The result is a "retroactive obliteration" of the municipal court's conviction and judgment, "having the effect of restoring the parties to their pretrial positions." *Annulment of judgment*, BLACK'S LAW DICTIONARY (12th ed. 2024).

The remainder of *Lipscomb* is irrelevant because inapposite dicta from a lower state court can't justify restricting § 1983's "categorical mandate." *Heck*, 512 U.S. at n.9. The case concerned whether an appeal could retroactively undo a forfeiture of office that had already occurred, not whether *Heck* bars federal civil rights claims. It turned on the specific language of a city charter, not federal civil rights law. *See Lipscomb*, 985 S.W.2d at 607-08. And while *Lipscomb* mused that a municipal court conviction "continues to have legal significance in other contexts for other purposes" even after it's been wiped out, *id.* at 607 (quoted at ROA.2288), the case didn't turn on any continuing legal significance: Forfeiture under the city charter occurred automatically upon "conviction," so the convicted office-holder forfeited his office "before the appeal was filed," *id.* at 608. At that point *before* the appeal, the conviction's continuing legal significance ended because the charter's text didn't "allow a subsequent event . . . to undo, or retroactively nullify, *the forfeiture*." *Id.* at 608 (emphasis added).

Under both federal and Texas law, Kleinman and AusPro's appeal eliminated any outstanding criminal judgment against them. Because Plaintiffs' claims, "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff[s], the action should be allowed to proceed." *Heck*, 512 U.S. at 487.

**B.    MMK has never been prosecuted under the "head shop" ban.**

*Heck* applies only to claims challenging a plaintiff's own outstanding criminal conviction and judgment. As the Third Circuit explained, "*Heck* concerned the

13

relationship between a prisoner's criminal conviction and his own § 1983 suit." *Eberhardinger v. City of York*, 782 F. App'x 180, 183 n.2 (3d Cir. 2019). That's because the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments" applies only when the plaintiff seeks "to prove the unlawfulness of *his* conviction or confinement." *Heck*, 512 U.S. at 486 (emphasis added). And an identical suit by someone never convicted by definition "will *not* demonstrate the invalidity of any outstanding criminal judgment *against the plaintiff*." *Id.* at 487 (second emphasis added). As a result, "*Heck* does not apply to third-party § 1983 claims". *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 616 (6th Cir. 2014).

Cedar Park never prosecuted MMK under the "head shop" ordinance. MMK has no conviction or judgment to challenge so MMK's success won't demonstrate the invalidity of any outstanding criminal judgment against MMK. The district court nonetheless applied *Heck* to bar MMK's claims, relying on Texas preclusion law to find MMK in "privity" with Kleinman and AusPro. ROA.2888-89. That analysis is triply flawed.

*First*, state preclusion law is irrelevant to *Heck*'s federal rule. *Heck* "decline[d] to pursue . . . another issue, suggested by the Court of Appeals' statement that, if petitioner's 'conviction were proper, this suit would in all likelihood be barred by res judicata.'" 512 U.S. at 480 n.2. *Heck* concerned "the existence of a cause of action" under § 1983, not the vagaries of state law preclusion principles.[7] And privity or not,

---

[7] Cedar Park pleaded an affirmative defense based on preclusion. ROA.1562.

the conviction of one person doesn't result in the conviction of or criminal judgment against a third party. So Kleinman and AusPro's convictions are irrelevant to MMK's claims. *Cf. Butler v. Compton*, 482 F.3d 1277, 1281 (10th Cir. 2007) ("Mr. Butler's conviction on unrelated charges may not form the basis for the application of *Heck* where there is no challenge to that conviction in Mr. Butler's § 1983 action.").

**Second**, MMK wasn't in privity with Kleinman or AusPro regarding their annulled convictions. Privity requires 'such an identity of interest that the party to the judgment represented the same legal right." *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971). Cedar Park *prosecuted* Kleinman and AusPro *as property owners* under a zoning ordinance that acts on "land, buildings, structures, or appurtenances located within the City." *See* Cedar Park Code of Ordinances § 11.01.032[8]; ROA.1941–42; ROA.2228–2301.[9] MMK wasn't prosecuted and doesn't own property; MMK was a tenant that operating a business. ROA.2701. MMK's interest was

---

[8] "All land, buildings, structures, or appurtenances located within the City, which are occupied, used, erected, altered, or removed, shall be in conformance with the zoning regulations prescribed for the zoning district in which such land, building, structure, or appurtenance is located as provided in this Chapter." Cedar Park Code of Ordinances § 11.01.032. Section 11.02.064 prohibits using property as a "head shop."

[9] *See also* ROA.1438 (alleging "a City Code violation on your property"); ROA.1446 (same); ROA.1454 ("a City Code Compliance Officer discovered multiple City Code violations on your property"); ROA.1941 (criminal complaint for violation of the "head shop" ordinance alleging "the owner of the property . . . is AusPro Enterprises, LP," and "that AusPro Enterprises, LP's general partner is Midwave, LLC, and Midwave, LLC's sole manager/member/director is Michael Kleinman").

thus not as a property owner whose land is subject to a zoning ordinance and who is defending against a criminal conviction, but as a business who functionally can't operate in Cedar Park because the "head shop" ordinance leaves it without space to lease. Because the parties' interests differed, Kleinman and AusPro didn't represent the same legal right as MMK in the municipal court criminal proceedings.

The district court found privity only by looking at the parties' shared interests in the *current* litigation: "[A]ll three parties share an identity of interests in obtaining a judgment that the 'head shops' Ordinance is unconstitutional." ROA.2889. But privity must be determined by reference to the prior proceeding that produced the allegedly preclusive judgment. *See Benson*, 468 S.W.2d at 363-64 ("the party to the judgment *represented* the same legal right" (emphasis added)).[10] Otherwise any multiplaintiff lawsuit would automatically create privity among all plaintiffs and spread one plaintiff's preclusion problem to all the others—a result contradicted by basic preclusion principles and constitutional guarantees of due process.

***Third***, the district court misread the only federal authority it cited as ostensible support—*Dadi v. Hughes*, 67 F. App'x 242, 2003 WL 21108550 (5th Cir. 2003). Cedar Park didn't raise *Dadi*, and for good reason—*Dadi* supports Plaintiffs. The Court

---

[10] *See also, e.g.*, *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 802 (Tex. 1994) ("[I]t is only necessary that the party against whom the doctrine is asserted *was* a party or in privity with a party in the first action." (emphasis added)); *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977) ("It is frequently said in cases where there is a diversity of parties that the former judgment bars a second suit against all who *were* in 'privity' with the party in the first suit." (emphasis added)).

in *Dadi* had before it identical claims, asserted by a prisoner and by the prisoner's family. The Court applied *Heck* to *only* the prisoner's claim.

The district court correctly noted that *Dadi* held that a plaintiff's claim that he was an "'innocent owner' of property subject to forfeiture following [a] criminal conviction was barred by *Heck*." ROA.2889. But the district court missed that the alleged "innocent owner" whose claim was *Heck*-barred was Ali Reza Dadi, the prisoner whose home was forfeited "following [his] conviction for bank fraud and money laundering offenses." 2003 WL 21108550, at \*1. The Court went on to reject "[t]he 'innocent owner' claim of Carmen Dadi [Ali Reza's wife] and the Dadis' children" on *other* grounds. *See id.* (discussing preservation and plain error). The Court's separate treatment of the third-party claims in *Dadi* only highlights and undermines the district court's refusal to do the same.

MMK's claims may proceed even if Kleinman and AusPro's may not.

## III.    The *Heck* Bar Doesn't Apply to State Law Claims.

The district court applied *Heck* to bar Plaintiffs' state law claim that Texas law preempts Cedar Park's "head shop" ordinance. ROA.2896-99. This was error: The *Heck* bar is an application of a *tort principle* to *federal* tort claims. It has no application to non-tort claims that turn on state law.

*Heck* concluded "that the hoary principle that civil *tort* actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to *§1983* damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for

malicious prosecution." *Heck*, 512 U.S. at 486 (emphases added). *Heck* adopted that common law rule for § 1983 because "there can be no doubt that claims brought pursuant to § 1983 sound in tort," providing "relief for invasions of rights protected under federal law." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999). As statutory claim, "§ 1983 . . . borrowed general tort principles." *Heck*, 512 U.S. at 484 n.4.

Plaintiffs' preemption claim doesn't sound in tort—it doesn't seek to vindicate Plaintiffs' rights, but to vindicate the supremacy of Texas law over the State's constituent municipalities. And there is no "hoary principle" that preemption claims may not touch on laws under which a plaintiff has once been convicted. The district court didn't identify any principle expressed in *Heck* or its progeny that justifies expanding *Heck*'s bar into this new realm. There is none.

Just as important, *Heck*'s rule does not, perforce, apply to state law claims. *See, e.g.*, *Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011). This Circuit applies *Heck* to state law claims only after first determining that the State adopted the *Heck* rationale. *See Price v. City of Bossier*, 841 F. App'x 650, 654 (5th Cir. 2021) ("Louisiana applies the *Heck* rationale to state law tort claims").

The district court never analyzed whether Texas law includes a rule analogous to *Heck*. It's possible that Texas law includes a rule like the *Heck* bar.[11] But it's also

---

[11] Texas courts dutifully apply *Heck* to § 1983 claims. *See, e.g.*, *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 11–12 (Tex. App.—Waco 2010, no pet.). A few Texas intermediate appellate courts have adopted a similar rule for state law claims. *See City of Houston v. Busby*, 2025 WL 336968, at *3 (Tex. App.—Houston [14th Dist.] 2025, no pet.) (citing decisions). But none considers or explains *why* Texas law needs such a rule. "The

possible that Texas law is content to rely on preclusion principles. And even if Texas law resembled *Heck*, questions would remain about its application to claims like Plaintiffs' for prospective relief, claims by persons like Plaintiffs who aren't in custody, claims by persons like Plaintiffs with no outstanding criminal judgment, and non-tort claims like Plaintiffs' state law preemption claim.

Federal court isn't the proper venue to update Texas law. It's not for "a federal court . . . to adopt innovative theories of [state law], but simply to apply that law as it currently exists." *Jackson v. Johns-Manville Sales Corp.*, 781 F.2d 394, 397 (5th Cir. 1986) (en banc). "It is axiomatic," then, that this Court "will not expand state law beyond its presently existing boundaries." *Rubinstein v. Collins*, 20 F.3d 160, 172 (5th Cir. 1994); *accord, e.g.*, *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 361 (5th Cir. 2008). No Texas court has ever applied a *Heck*-like rule to claims like Plaintiffs', and Cedar Park never offered any evidence that the Supreme Court of Texas ever would. That ends the matter.

---

life of the law has not been logic: it has been experience." OLIVER WENDELL HOLMES, JR., THE COMMON LAW 1 (1881). The Supreme Court of Texas thus considers many practical factors before innovating the common law. *See, e.g.*, *Zachry Constr. Corp. v. Port of Hous. Auth. of Harris Cnty.*, 449 S.W.3d 98, 116 (Tex. 2014) (considering new public policy exception to contract); *Ritchie v. Rupe*, 443 S.W.3d 856, 889-91 (Tex. 2014) (considering new tort duty). It doesn't make decisions by tallying votes in intermediate appellate courts. *See, e.g.*, *Rush Truck Centers, L.P. v. Sayre*, 2025 WL 1599527, at *1–3 (Tex. 2025) (rejecting rule adopted by nearly every court of appeals). So those unreasoned decisions adopting *Heck* don't "provide a reliable basis on which to predict state law." *Echeverry v. Jazz Casino Co.*, 988 F.3d 221, 229 (5th Cir. 2021).

## IV.  None of Plaintiffs Is in Custody.

A Texas court has already concluded that Kleinman and AusPro were "never placed in custody or released from custody on bond." *Kleinman v. State*, 706 S.W.3d 391, 397 (Tex. App.—Austin 2024), *pet'n for discretionary review granted*, (Tex. Crim. App. Feb. 12, 2025). Because Plaintiffs aren't "presently in state custody, [their] § 1983 action is not barred by *Heck*." *Green v. Montgomery*, 219 F.3d 52, 60 n.3 (2nd Cir. 2000).

While this Circuit's precedent suggests otherwise, *see Wilson*, 116 F.4th at 388, 404-05, Plaintiffs preserve this issue given the pending petition for certiorari in *Wilson v. Midland County*, No. 24-672 (U.S.).

## Conclusion

The Court should reverse the district court's order and remand.

Respectfully submitted,

**The Kyle Law Firm**

Jeff L. Frazier

436 E. Coll Street
New Braunfels, TX 78130
(830) 837-3300

**Scott Douglass & McConnico LLP**

/s/ Jason R. LaFond

Jason R. LaFond
Sara Wilder Clark
Jane Webre
Elijah Barton Barrish

303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300
jlafond@scottdoug.com

*Counsel for Plaintiffs - Appellants*

## CERTIFICATE OF COMPLIANCE

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 5,514 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Jason R. LaFond
JASON R. LAFOND